IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SABRINA WESTMORELAND

VS.    CIVIL ACTION NO. 3:09CV27-MPM-DAS

JEFFREY L. HALFACRE

**REPORT AND RECOMMENDATION**

This matter is before the court on motion of the plaintiff to enforce a settlement agreement (# 36). The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation. Therefore, after considering the motion and the response thereto, the court finds as follows:

**I. FACTS**

On February 13, 2009, after being involved in an automobile accident with Jeffrey Halfacre, Sabrina Westmoreland filed the present action. On March 16, 2009, Halfacre removed the action to this court. On August 11, 2010, the parties mediated the case and entered into a settlement agreement. The agreement provided in its entirety:

> Safeco Ins. Co. on behalf of its insured Jeffrey Halfacre will pay to Sabrina Westmoreland the sum of $100,000.00 to settle this case in exchange for a release of all claims, including any hospital or subrogation liens and dismissal of the lawsuit with prejudice.
>
> The cost of mediation is to be paid by Safeco.

The handwritten document was then signed by Sabrina Westmoreland and her attorney, Reid Wamble. Safeco representative, Angela Luse, along with defense attorneys Brian Hinton and Thomas Wright also signed the document.

1

On August 20, 2010, the defendant insurance company issued a check for $100,000.00. However, the check was made to both Sabrina Westmoreland and her estranged husband, Daniel Westmoreland. Daniel Westmoreland refused to endorse the check, and thus, the plaintiff requested that the check be made solely to her. The insurance company refused to write a check solely to Mrs. Westmoreland, and the plaintiff filed the instant motion.

With her motion to enforce the settlement agreement, the plaintiff argues simply that the parties reached an agreement, and the defendant is bound by it. In response, the defendant argues that both Mr. and Mrs. Westmoreland were insureds on the policy and as such, the settlement must include both of them.[1] In support of their argument – both in the documents filed and during an oral hearing held before this court – the defendant attempts to point to events that occurred both during and after the mediation. In other words, the defendant points to parol evidence.

## II. DISCUSSION

The enforceability of settlement agreements in diversity cases is governed by state law. Although federal courts possess the inherent power to enforce such agreements, the construction and enforcement of settlement agreements is governed by principles of state law applicable to contracts generally. *See Lockette v. Greyhound Lines, Inc.,* 817 F.2d 1182, 1185 (5th Cir. 1987).

In Mississippi, a settlement agreement is a contract and is judged by principles of contract law. *See Parmley v. 84 Lumber Co.,* 911 So. 2d 569, 573 (Miss. Ct. App. 2005). Also in Mississippi, a compromise reached by way of mediation or otherwise is favored, and settlement

---

[1] The court notes that Daniel Westmoreland now has a case for loss of consortium pending in the Circuit Court of Lafayette County arising out of this same set of circumstances.

of disputes by agreement of the parties will be enforced, absent any fraud, mistake, or overreaching. *Hastings v. Guillot*, 825 So. 2d 20, 24 (Miss. 2002). Courts will not rewrite settlement agreements in order to satisfy the desires of either party. *Travelers Indemnity Co. v. Chappell*, 246 So. 2d 498, 510 (Miss. 1971). Instead, "[c]ourts should, so far as they can do so legally and properly, support agreements which have for their object the amicable settlement of doubtful rights by parties . . . ." *Chantey Music Publishing, Inc. v. Malaco, Inc.,* 915 So. 2d 1052, 1056 (Miss. 2005).

"One of the fundamental principles of contract law is that parol evidence will not be received to vary or alter the terms of a written agreement that is intended to express the entire agreement of the parties on the subject matter at hand." *Housing Auth., City of Laurel v. Gatlin*, 738 So. 2d 249, 251 (Miss. Ct. App. 1998). Parol evidence of the intention of the contracting parties may be admitted *only when the terms of the agreed-upon contract are ambiguous. Byrd v. Rees*, 171 so. 2d 864, 867 (Miss. 1965) (emphasis added). Consequently, the court looks first to the settlement agreement to determine whether the contract itself is ambiguous.

After examining the settlement agreement quoted *supra*, the court finds there is nothing ambiguous about it. Because the agreement is perfectly clear, the court sees no need to venture outside the four corners of the document to construe its meaning. The parties – Sabrina Westmoreland and Safeco – agreed that Safeco would pay Mrs. Westmoreland $100,000.00. In exchange for this payment, Mrs. Westmoreland agreed to release all claims against the defendant, including any hospital or subrogation liens and dismiss the lawsuit with prejudice. While the defendant argues that the settlement check should include the name of the plaintiff's husband, there is nothing whatever in the document that even alludes to Daniel Westmoreland; nor is there

3

anything in the complaint that mentions him.  Mr. Westmoreland is simply not a party to the litigation and certainly not a party to the settlement agreement.

It is, therefore, recommended that the court grant the plaintiff's motion to enforce the settlement agreement and order Safeco Insurance Company on behalf of Jeffrey Halfacre to pay to Sabrina Westmoreland $100,000.00.  The check should be made payable to Sabrina Westmoreland alone.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date.  Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report in a timely manner will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Assoc.*, 79 F.3d 1415 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 22nd day of February, 2011.

    /s/ David A. Sanders
    UNITED STATES MAGISTRATE JUDGE